UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA P.M. ENEANYA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-01846 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Pending before the Court is the defendant's, PHH Mortgage Corporation ("PHH")[1] successor-by-merger to Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "the defendants"), motion for summary judgment (Dkt. No. 10). The plaintiff, Cynthia P.M. Eneanya has failed to file a response to the motion and the time for doing so has long elapsed. Thus, pursuant to this Court's local rules, the plaintiff's "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex L.R. 7.4. After having carefully considered the motion, the record and the applicable law, the Court determines that PHH's motion for summary judgment should be **GRANTED**.

## II. FACTUAL OVERVIEW

The plaintiff, Cynthia P.M. Eneanya ("the plaintiff"), executed an Adjustable Rate Note dated June 10, 2005, in the amount of $184,000.00 payable to GreenPoint Mortgage Funding, Inc. (the "Note"). As security for the Note, the plaintiff executed a Deed of Trust dated June 10,

---

[1] Ocwen merged with PHH on June 1, 2019. Since it is a successor-in-interest to Ocwen, PHH need not file a motion for substitution before moving for a summary judgment. *See Fairport Ventures, LLC v. Beneficial Fin. I, Inc.*, No. CV H-16-1038, 2017 WL 7806388, at *2 (S.D. Tex. July 6, 2017) (citing Fed. R. Civ. P. 25(c)).

2005, encumbering the real property located at 20518 Quail Chase Drive, Katy, Texas 77450 (the "Property"). On June 20, 2005, the Deed of Trust was recorded in the official public records of Harris County, Texas as Document No. Y550093.

Servicing of the loan, as evidenced by the Note, was transferred from Bank of America to Ocwen effective November 30, 2013. Pursuant to a letter dated December 9, 2013, Ocwen notified the plaintiff of the change in servicing of the Note.

Subsequently, the plaintiff defaulted on the Note by failing to render payments when due. On April 18, 2018, Ocwen sent the plaintiff a Notice of Default advising her that she was in default on the Note and further informing her that the loan would be accelerated if she failed to bring it current by paying $11,640.08 on or before May 25, 2018. On May 4, 2018, Ocwen sent the plaintiff a letter advising her that mortgage assistance may be available to her and enclosing a Request for Mortgage Assistance ("RMA") form to be completed by her to determine her eligibility. The plaintiff, however, failed to cure the default or submit a RMA.

On August 6, 2018, the plaintiff filed a legal action against Ocwen in the 270th Judicial District Court of Harris County, Texas asserting claims for breach of contract, violations of the Real Estate Settlement Procedures Act ("RESPA"), and seeking an application for a temporary restraining order and temporary injunction (the "first lawsuit'). On August 16, 2018, Ocwen removed the first lawsuit to this Court where it was identified as Civil Action No. 4:18-cv-02830 and assigned to Judge Sim Lake. On October 19, 2018, the parties filed a Stipulation of Dismissal, wherein the plaintiff agreed to dismiss the first lawsuit with prejudice. (*See* Civil Action No.: 4:18-cv-02830, Dkt. No. 8). On October 22, 2018, Judge Lake entered an Order granting the parties' Stipulation of Dismissal and dismissing the plaintiff's first lawsuit with prejudice. (*Id.*, Dkt. No. 10).

Thereafter, the Property was set for a foreclosure sale on January 2, 2019. The foreclosure sale, however, was postponed after the plaintiff filed a voluntary petition for bankruptcy pursuant to Chapter 13 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court, Southern District of Texas, Houston Division. On January 15, 2019, Ocwen sent the plaintiff a letter advising her that mortgage assistance options may be available to her, subject to approval by the bankruptcy court. On January 18, 2019, the bankruptcy court dismissed the plaintiff's bankruptcy petition.

On April 11, 2019, Ocwen sent the plaintiff a letter advising her that it would be merging with PHH and consolidating all of its mortgage accounts into PHH. It further informed her that effective May 1, 2019, PHH would be her new mortgage servicer and would be collecting payments on her account going forward. On May 6, 2019, the plaintiff commenced the instant action seeking to enjoin a foreclosure of the Property set for May 7, 2019 (the "second lawsuit").

## III. ANALYSIS AND DISCUSSION

The plaintiff has initiated the instant action now before this Court to further stall foreclosure proceedings and delay relinquishing possession of the Property, alleging that the defendants are liable for breach of contract and RESPA violations by, *inter alia*, failing to comply with HUD regulations outlining procedures that must be followed prior to accelerating and foreclosing a loan subject to the FHA. PHH now moves for a summary judgment on the plaintiff's second lawsuit, asserting that the doctrine of *res judicata* bars the plaintiff's claims. It further contends that even if the plaintiff's claims were not barred, the plaintiff has failed to raise a genuine issue of material fact on her claims against it and a summary judgment is appropriate. This Court agrees.

"Claim preclusion or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055, 126 S. Ct. 1662, 164 L. Ed.2d 397 (2006) (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). The elements of claim preclusion, or *res judicata*, are as follows:

> (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits.

*Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) (citing *Test Masters*, 428 F.3d at 571; *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000)). If all four of these elements are present, "claim preclusion prohibits [a litigant] from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citing *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis in original)).

Here, the parties in the first lawsuit and second lawsuit are in privity with one another, as it is undisputed that PHH is a successor-in-interest to Ocwen. *See Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 – 67 (5th Cir. 1990) (reasoning that privity may be found in three situations: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit."). Additionally, the prior judgment entered by Judge Lake is certainly a judgment on the merits by a court of competent jurisdiction that the plaintiff has not appealed. *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir.

1993) (noting that a federal court's dismissal with prejudice is generally a final judgment on the merits for res judicata purposes)).

Moreover, although the "named" causes of action alleged in the first lawsuit and second lawsuit somewhat differ, they, nevertheless, are based on the same nucleus of operative facts relative to foreclosure of the Property and, thus, could have been raised in the first lawsuit. For these and other reasons, the Court is of the opinion that PHH is entitled to judgment as a matter of law on the plaintiff's claims. *See Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) ("Under [the transactional test], the critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts."); *see also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312 – 13 (5th Cir. 2004).

In making this determination, the Court is guided by the pleadings, the record and other submissions on file, including certain real property records on file in the Harris County Appraisal District's Office,[2] which demonstrate that: (1) this is the second lawsuit that the plaintiff has filed attempting to challenge the foreclosure sale of the real property located at 20518 Quail Chase Drive, Katy, Texas 77450 in Harris County, Texas (the "Property"); (2) after the plaintiff defaulted on her mortgage payment obligations, Ocwen initiated steps to foreclose on the Property; (3) on August 6, 2018, the plaintiff commenced an action in the 270th Judicial District Court of Harris County, Texas, seeking to challenge Ocwen's authority to foreclose on the Property; (4) in the first lawsuit, the plaintiff alleged claims for breach of contract, violations of RESPA and sought an application for a temporary restraining order and temporary injunction

---

[2] Courts may "take judicial notice of documents in the public record." *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 - 18 (5th Cir. 1996)). Courts are also permitted to consider the public records of prior judicial proceedings when assessing an affirmative defense raised by a defendant. *See Clifton v. Warnaco, Inc.*, Nos. 94-10226, 94-10657, 1995 WL 295863, *6 at n.13 (5th Cir. 1995).

against Ocwen relative to the Property; (5) the first lawsuit was dismissed, with prejudice, pursuant to an Order entered by Judge Lake on October 22, 2018; (6) on May 6, 2019, the plaintiff filed a second lawsuit in the 281st Judicial District Court of Harris County, Texas, again seeking to challenge Ocwen's/PHH's rights to foreclose on the Property, alleging essentially the same claims asserted in her first lawsuit, namely claims for breach of the duty of good faith and fair dealing, violations of RESPA and seeking an application for a temporary restraining order and temporary injunction; (7) the second lawsuit was removed to this Court on May 21, 2019; (8) upon removal, PHH moved for a summary judgment on the plaintiff's second lawsuit, arguing, *inter alia*, that the *res judicata* doctrine bars the plaintiff's claims; and (9) the plaintiff has failed to offer any evidence to the contrary or raise a genuine issue of material fact on her claims against Ocwen/PHH.

### IV. CONCLUSION

Based on the foregoing analysis and discussion, it is hereby **ORDERED** that PHH's motion for summary judgment is **GRANTED** and the plaintiff's second lawsuit is hereby **DISMISSED with prejudice**. Further, the plaintiff is hereby admonished and directed to refrain from filing further lawsuits regarding this matter, as further litigation would be frivolous and **MAY RESULT IN SANCTIONS BEING IMPOSED**.

It is so **ORDERED**.

SIGNED on this 28th day of February, 2020.

_____
Kenneth M. Hoyt
United States District Judge